IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN MICHAEL DAVID RAMSDEN,

    Petitioner,                    No. CIV S-07-1159 MCE EFB P

    vs.

JAMES A. YATES, Warden,

    Respondent.                 FINDINGS AND RECOMMENDATIONS

                              /

      Petitioner, a state prisoner proceeding without counsel, and *in forma pauperis*, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. On May 12, 2009, respondent moved to dismiss this action on the grounds that it was filed beyond the one-year statute of limitations and because it is fully unexhausted. *See* 28 U.S.C. §§ 2244(d), 2254(b). On June 24, 2009, the court informed petitioner that failure to file a written opposition or a statement of no opposition may be deemed a waiver of any opposition to the motion, gave petitioner 30 days to file an opposition or statement of non-opposition and warned him that failure to do so would result in recommendation that this action be dismissed. *See* Fed. R. Civ. P. 41(b).

      The 30 days have passed and petitioner has not filed an opposition or a statement of no opposition and has not otherwise responded to the June 24, 2009 order, although court records reflect that petitioner was properly served with notice of the motion and the June 24, 2009 order

cautioning petitioner that he must respond to respondent's motion.

A party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." L. R. 78-230(m).  Failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." L. R. 11-110.  The court may dismiss this action with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1263 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed).  Here, the appropriate sanction is dismissal without prejudice.

Accordingly, it is RECOMMENDED that this action be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 19, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE